IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

**SHANNON PERCY, ROBERT ROY,
and STEPHEN MORGAN, individually and on behalf
of all others similarly situated,**

        Plaintiffs**,**

        v.

**AARON'S, INC.,
JOHN DOE 1-10,** and **ABC INC. 1-10**

        Defendants.

**Civil Action No.**

**COMPLAINT
AND
JURY DEMAND**

---

Plaintiffs, SHANNON PERCY, ROBERT ROY, and STEPHEN MORGAN, individually and on behalf of all others similarly situated, by and through their attorneys, JTB LAW GROUP, LLC, allege upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this action, individually and on behalf of all others similarly situated, to recover monetary damages, liquidated damages, interest and costs, including reasonable attorneys' fees as a result of Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Law, 34 PA. CODE § 231.1 *et seq.* ("PMWL"), the Pennsylvania Wage Payment and Collection Law, 43 P.S. 260.1 *et seq.* ("WPCL") and relating regulations, the Maryland Wage and Hour Law ("MWHL"), Labor and Employment Article §§ 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Maryland Code, Labor and Employment Article §§ 3-501 *et seq.*, and state as follows:

2. Plaintiffs bring this action, individually and on behalf of all others similarly situated, in connection with Defendants' violation of their statutory obligations to pay overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for work in excess of forty (40) hours per week pursuant to the FLSA, 29 U.S.C. § 207(a), the PMWL, the WPCL, the MWHL, and the MWPCL.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed widespread violations of the above-described federal and state wage and hour statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the FLSA, 29 U.S.C. § 201 *et seq.*, a federal statute.

5. As to claims arising under Pennsylvania and Maryland law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

7. Defendant, Aaron's, Inc. ("Aaron's") is a domestic business corporation organized and existing under the laws of the State of Georgia, and doing business, among other locations in Pennsylvania at 155 Franklin Mills Blvd, Philadelphia, PA 19154 (the "Franklin Mills Store") and at 256 Commerce Cir, Bristol, PA 19007 (the "Bristol Store"), and among other locations in Maryland, at 903 Taylor Avenue, Towson, MD (the "Towson Store").

8. Defendant John Doe 1-10 is a fictitious designation for natural persons, whose identity is as yet unknown, responsible for the acts of Aaron's as set forth herein, and for harming Plaintiffs and those similarly situated, and damaging them and causing them various damages as set forth herein.

9. Defendant ABC 1-10 is a fictitious designation for corporate or other artificial persons and/or entities, whose identity is as yet unknown, responsible for the acts of Aaron's as set forth herein, and for harming Plaintiffs and those similarly situated, and damaging them and causing them various damages as set forth herein.

10. At relevant times herein, Plaintiff Shannon Percy was a resident of Bucks County, Pennsylvania, and worked as a Customer Accounts Manager in the Bristol Store and the Franklin Mills Store commencing in or around October, 2013 and ending in or about May, 2014.

11. At all relevant times herein, Plaintiff Robert Roy was a resident of Baltimore County, Maryland, and worked as a Sales Manager and Accounts Manager in the Towson Store in Baltimore County, Maryland, commencing in or around December 2012 and ending on or about September 2, 2014.

12. At all relevant times herein, Plaintiff Stephen Morgan was a resident of Baltimore County, Maryland, and worked as a Manager in Training in the Towson Store in Baltimore County, Maryland, commencing in or around April 2013 and ending in or about March 2014.

## FACTUAL ALLEGATIONS

13. Plaintiffs repeat and re-allege all preceding paragraphs of the Complaint, as if fully set forth herein.

14. At all times material and relevant herein, Defendant directly hired Plaintiffs and

similarly situated non-exempt hourly-paid employees, controlled their work schedules and conditions of employment, determined the rate and method of the payment of wages, and kept at least some records regarding their employment.

15. Upon information and belief, during the applicable statutory period, Defendants employed thousands of non-exempt hourly-paid employees nationwide.

16. Upon information and belief, at all times material and relevant herein, Plaintiffs, and all other similarly situated hourly-paid employees at each of the Defendant Aaron's stores nationwide, performed job duties that do not fall under any exemptions under the FLSA.

17. Upon information and belief, at all times material and relevant herein, Plaintiffs, and all other similarly situated non-exempt hourly paid employees were required by Defendants and did regularly work well over forty (40) hours per week.

18. Upon information and belief, at all relevant times herein, Plaintiffs and all other similarly situated Customer Account Managers, Sales Managers and Accounts Managers were treated as non-exempt hourly-paid employees by Defendants.

19. At all relevant times herein, Plaintiffs and all other similarly situated non-exempt hourly-paid employees did *not* receive overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for all work performed in excess of forty (40) hours per week.

20. At all relevant times herein, Defendants maintained control, oversight, and direction over the Plaintiff, and the putative members of the proposed collective/class, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

21. Since commencing employment with Defendant Aaron's, Plaintiff Shannon Percy

generally was required to work in excess of fifty (50) hours per week, and sometimes as much as sixty (60) hours per week.

22. From the time Plaintiff Shannon Percy started her employment with defendant Aaron's until ending in or around January 2014, Plaintiff Shannon Percy was not paid anything for hours worked in excess of forty (40) per week, in violation of the FLSA.

23. Plaintiff Shannon Percy was still required to work in excess of fifty (50) hours per week, often working more than sixty (60) hours per week.

24. However, Plaintiff Percy was paid for no more than forty (40) hours per week, despite being routinely required to work for more than fifty (50) hours per week and often working more than sixty (60) hours per week.

25. Upon information and belief, other non-exempt hourly-paid employees in the Bristol and Franklin Mills Stores were required to work more than fifty (50) hours per week, and were paid for no more than forty (40) hours per week.

26. Plaintiff Percy often arrive at the Aaron's Store early, and would be required to work although not being clocked in for the time she worked.

27. Plaintiff Percy was told to clock out at particular times, but was routinely required to work two hours after clocking out.

28. Defendants failed to keep full and accurate records of Plaintiff Percy's and other similarly situated non-exempt hourly paid employees' hours and wages in the Franklin Mills and Bristol Stores, in violation of 29 C.F.R. §§ 516.5, 516.6.

29. For instance, during each of the weeks of December 16, 2013 (December 16-21, 2013) and December 23, 2013 (December 23-28, 2013), Plaintiff Percy was required to work and did work sixty (60) hours, although only being compensated for forty (40) hours, and

received no compensation for the hours worked in excess of forty (40) hours.

30. Plaintiff Stephen Morgan was often required by his management to work substantial hours off the clock, and often was required to work on Saturdays or other days when his hours exceeded fifty (50) for the week being concluded.

31. As examples of his off the clock work, Plaintiff Morgan worked the following days off the clock:

>June 8, 2013 –  four (4) hours
>June 29, 2013– four (4) hours
>Sept.14,2013 – six (6) hours
>Oct. 5, 2013 – four (4) hours
>Nov. 1, 2013 – four (4) hours
>Nov. 2, 2013 – five (5) hours
>Nov. 16, 2013 – five (5) hours
>Jan. 31, 2014 – two and three-quarters (2.75) hours
>Feb. 1, 2014 – nine (9) hours
>Feb. 22, 2014 – four and one-half (4.5) hours
>Feb. 28, 2014 – two and a quarter (2.25) hours
>Mar. 1, 2014 – five (5) hours
>Mar. 14, 2014 – one (1) hour
>Mar. 15, 2014 – six (6) hours

32. Plaintiff Robert Roy was often required by his management to work substantial hours off the clock, and during each week from January 2014 through September 2014 routinely was required to work 55 or more hours without any pay for hours in excess of 50.

33. For instance, Plaintiff Roy worked full days on September 1, 2014 and September 2, 2014 without receiving any pay for his hours on those days.

34. In the Towson Store, Defendants altered or falsified the time records of Plaintiffs Roy and Morgan and other similarly situated non-exempt hourly paid employees, to reflect a maximum of 50 hours per week for Plaintiff and such other employees, and routinely required them to work more than 50 hours per week though compensating such employees for no more than 50 hours per week.

35. Upon information and belief, at all times material and relevant herein, Defendants consistently and continuously enforced a uniform policy and/or practice of permitting, encouraging and/or requiring Plaintiffs and all other similarly situated non-exempt hourly paid employees to work more than 40 hours per week but not paying overtime at a rate of time and one-half (1.5) their regular hourly rate times for hours worked in excess of 40 per week.

36. In addition to not paying overtime, Defendants consistently and continuously enforced a uniform policy and/or practice of permitting, encouraging and/or requiring Plaintiffs and all other similarly situated non-exempt hourly paid employees to work "off the clock" for many hours each week.

37. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

38. Defendants' widespread violations of the above-described federal wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

39. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint, as if fully set forth herein.

40. Plaintiffs bring this collective and class action individually and on behalf of all other similarly situated hourly-paid non-exempt employees who were/are affected by Defendants' willful and intentional violation of the FLSA, as described in this Complaint.

41. Plaintiffs bring this collective action to recover monetary damages owed by Defendants to Plaintiffs and members of the putative Collective for all unpaid compensation,

including overtime compensation, for hours "off the clock" and for all unpaid overtime for hours in a work week worked in excess of forty (40) pursuant to the FLSA.

42. Plaintiffs bring this claim for relief for violation of the FLSA, as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). The Collective is defined as follows:

> **All current and former hourly paid employees of Aaron's from April 6, 2012 to Present.**

43. This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA. The size of the Collective/Class is unknown, but is believed to be so numerous that joinder of all members is impractical.

44. Plaintiff Shannon Percy, individually and on behalf of similarly situated Pennsylvania employees, also bring this claim for class action relief under Rule 23 of the Federal Rules of Civil Procedure and the PMWL and WPCL. The Class is defined as follows:

> **All current and former hourly paid employees of Aaron's in the State of Pennsylvania from April 6, 2012 to Present.**

45. Plaintiffs Stephen Morgan and Robert Roy, individually and on behalf of similarly situated Maryland employees, additionally bring this claim for class action relief under Rule 23 of the Federal Rules of Civil Procedure and the MWHL and MWPCL. The Class is defined as follows:

> **All current and former hourly paid employees of Aaron's in the State of Maryland from April 6, 2012 to Present.**

46. This litigation is properly brought as a collective/class action because of the existence of questions of fact and law common to the Collective/Class which predominates over any questions affecting only individual members, including:

   a. Whether Defendants are liable to Plaintiff and members of the Collective/Class for

       violations of the FLSA and applicable State law;

    b. Whether Plaintiff and all other similarly situated employees worked in excess of forty (40) hours in a week;

    c. Whether Defendants failed to pay Plaintiff and members of the Collective/Class overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for all hours in the work week in excess of forty (40), and

    d. Whether Defendants required Plaintiffs to work "off the clock."

47. This litigation is properly brought as a collective/class action because the claims of the Plaintiffs are typical of the claims of the members of the Collective/Class, inasmuch as all such claims arise from Defendants' standard policies and practices, as alleged herein.

48. Like all Collective/Class members, Plaintiffs were damaged by Defendants' systemic and district-wide policies and practices of requiring Plaintiffs to work "off the clock," as well as failing to pay overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for all hours in a work week in excess of forty (40).

49. A collective/class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

    a. Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue savings to both the Court and the Collective/Class in litigating the common issues on a class-wide basis instead of on a repetitive individual basis;

    b. Despite the size of individual Collective/Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a Collective/Class action on a cost-effective basis, especially when compared with repetitive individual

litigation; and

c. No unusual difficulties are likely to be encountered in the management of this collective/class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Collective/Class.

50. Collective/Class certification is also fair and efficient because prosecution of separate actions by individual Collective/Class members would create a risk of differing adjudications with respect to such individual members of the Collective/Class, which as a practical matter may be dispositive of the interests of other members no parties to the adjudication, or substantially impair or impede their ability to protect their interests.

51. Plaintiffs anticipate that there will be no difficulty in the management of this litigation. This litigation presents FLSA claims of a type that have often been prosecuted on a class-wide basis, and the manner of identifying the Collective/Class and providing any monetary relief to it can easily be effectuated from a review of Defendants' records.

## FIRST CLAIM FOR RELIEF
### (FLSA)

52. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint, as if fully set forth herein.

53. Defendants treated Plaintiffs as hourly, non-exempt employees under the FLSA.

54. Defendants required Plaintiffs to work over forty (40) hours a week. Defendants failed to pay Plaintiffs an hourly rate of pay, or to pay them overtime compensation at a rate of time and a half (1.5) that hourly rate for all hours worked in a week in excess of forty (40), in violation of the FLSA.

55. Defendant required Plaintiffs and other similarly situated hourly employees to work time off the clock without any lawful compensation.

56. Plaintiffs and similarly situated hourly employees were not paid minimum wage, and were not paid overtime for all work in excess of forty (40) per week, in contravention of the FLSA.

57. Plaintiffs and other similarly situated hourly employees were required by Defendant and did regularly work over forty (40) hours a week, but Defendant failed to pay Plaintiffs and similarly situated hourly employees proper overtime compensation at time and half (1.5) of their regular rate of pay for hours in a work week in excess of forty (40), in violation of the FLSA.

58. Defendant's failure to pay Plaintiffs and the other similarly situated employees proper overtime compensation at time and a half (1.5) of their regular rates of pay for hours in a work week in excess of forty (40) violates the FLSA.

59. Defendants' policy and practice of compelling Plaintiffs and the other similarly situated employees to work "off the clock" also violates the FLSA.

60. Defendant's policy and/or practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

61. Because Defendant willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

62. As a result of the foregoing, Plaintiffs and other similarly situated employees were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

### SECOND CLAIM FOR RELIEF
### (Individual and Class Claims for Violation of PMWL and WPCL)

63. Plaintiff Shannon Percy repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

64. Defendants' failure to pay Plaintiff Percy and all similarly situated Pennsylvania employees proper overtime compensation for hours in a work week in excess of forty (40), and requiring them to work "off the clock," violates the PMWL and WPCL.

65. A three (3) year statute of limitations applies to each such PMWL and WPCL violation, pursuant to 43 P.S. §260.9a(g).

66. Defendants' policy and/or practice, as described above, was/is willful, intentional, unreasonable, arbitrary and in bad faith.

67. As a result of the foregoing, Plaintiff Percy and similarly situated Pennsylvania employees were illegally deprived overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, punitive damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 43 P.S. 260.9(b), and compensation for all other damages as provided by Pennsylvania law.

### THIRD CLAIM FOR RELIEF
### (Individual and Class Claims for Violation of MWHL and MWCPL)

68. Plaintiffs Morgan and Roy repeat and re-allege the preceding paragraphs of this Complaint, as if fully set forth herein.

69. Defendants' failure to pay Plaintiffs Roy and Morgan and all similarly situated Maryland employees proper overtime compensation for hours in a work week in excess of forty (40), and requiring Plaintiff to work "off the clock," violates the MWHL and MWCPL.

70. A three (3) year statute of limitations applies to each such MWHL and MWCPL violation.

71. Defendants' policy and/or practice, as described above, was/is willful, intentional, unreasonable, arbitrary and in bad faith.

72. As a result of the foregoing, Plaintiffs Roy and Morgan and all similarly situated Maryland employees were illegally deprived of compensation and overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, treble damages, punitive damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation as provided by applicable Maryland law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, and the putative Collective/Class members demand declaratory, injunctive and monetary judgment and relief against Defendants, and each of them, individually, jointly and severally, as follows:

A. A declaratory judgment that Defendants' wage practices alleged herein violate overtime compensation provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, and a declaratory judgment that Defendants' wage policy and/or practice alleged herein violates the PMWL, WPCL, MWHL and MWCPL;

B. An order for injunctive relief ordering the Defendants to end all of the illegal wage practices alleged herein pursuant to FLSA, PMWL, WPCL, MWHL, MWCPL, and related laws and regulations;

C. An Order directing Defendants, at their own expense, to investigate and account for the number of hours and overtime hours actually worked by the Plaintiffs and all putative collective and class members;

D. Judgment for unpaid overtime compensation and compensation for hours worked "off the clock" to which Plaintiffs and all other similarly situated non-exempt hourly paid employees are lawfully entitled pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.,* the PMWL, WPCL, MWHL and MWCPL ;

E. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, and pursuant to the PMWL, WPCL, MWHL and MWCPL in an amount equal to compensation for all applicable damages recoverable at law, including treble damages if applicable, attorneys' fees, punitive damages, and overtime compensation owed to Plaintiff and members of the Class/ Collective during the applicable statutory period;

F. An Order directing Defendants to pay Plaintiffs and members of the putative Class / Collective prejudgment interest, reasonable attorney's fees and all costs connected with this action pursuant to the FLSA, 29 U.S.C. §201, *et seq.*;

G. Incentive awards for the lead Plaintiffs;

H. Leave to add additional plaintiffs by motion, the filing of written consents, or any other method approved by the court;

I. Equitably tolling for the Class / Collective's effective the date of the filing of the instant Complaint;

J. An Order designating this action as a collective action on behalf of the Collective Class and issuance of notice pursuant to 29 U.S.C. 216(b) to all similarly situated individuals;

K. An order designating the Plaintiffs, as representatives of the proposed FLSA Collective; and

  L. Such other and further relief as to this Court may deem necessary, just and proper.

Dated:  April 6, 2015

            Respectfully submitted,

            **JTB LAW GROUP, LLC**

            _____
            Jason T. Brown
            jtb@jtblawgroup.com
            155 2nd Street, Suite 4
            Jersey City, New Jersey 07302
            Tel: (201) 630-0000
            Fax: (855) 582-5297

            *Attorneys for Plaintiffs*